UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>            Plaintiff,<br><br>    v.<br><br>KEAST, et al.,<br><br>            Defendants. | Case No. 3:23-cv-00258-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 39) |

*Pro se* Plaintiff James Edward Scott, III sues Defendants John Keast, Michael Minev, Melissa Mitchell, Galyene Fukagawa, Vanessa Timbreza, Kellen Prost, Kathy Morales, and Lorenzo Villegas, alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. Before the Court is Defendants' motion for summary judgment (ECF No. 30) and Magistrate Judge Carla Baldwin's report and recommendation ("R&R"), which recommends granting summary judgment (ECF No. 39). Scott did not respond to the motion for summary judgment but filed an objection to the R&R requesting additional time to respond (ECF No. 40). For the following reasons, the Court adopts the R&R and overrules Scott's objection.

**I.    BACKGROUND**

The facts of this case are nearly identical to those in *Scott v. Quigley*, Case No. 3:23-cv-00270-ART-CLB.

During the events related to this case, Scott was an inmate in the custody of the Nevada Department of Corrections, housed at Northern Nevada Correctional Center ("NNCC"). In November of 2018, Scott entered NDOC with the

1

following conditions: high blood pressure, chronic kidney disease, and a history of surgeries and hospitalizations. (ECF No. 32-1.) At NDOC, Scott received medical care including routine dialysis treatments. (ECF No. 32.) In July of 2022, Dr. Quigley placed an order for all the nephrology patients who were receiving dialysis care to receive a bag of ice. (ECF No. 30-2.)

Scott filed several grievances related to the ice order in 2022 and 2023. (ECF No. 30-1.) In October of 2022, Scott filed a grievance claiming that the order for daily ice was discontinued due to "illegal pressure." (*Id.*) That grievance was denied because it did not "constitute a medical emergency." (*Id.*) In the spring of 2023, Dr. Quigley's order for ice was limited to the months of May through September. (ECF No. 30-2.) In March, April, and May of 2023, Scott filed several more grievances complaining that he was not being provided ice. These grievances were mostly denied. (ECF No. 30-1.)

In June 2023, Scott filed this lawsuit, along with the almost identical lawsuit in *Scott v. Quigley*, No. 3:23-cv-00270-ART-CLB. (ECF No. 1.) Dr. Quigley was dismissed from this case at screening and remained the only defendant in Scott's other case. (ECF No. 4.) Defendants now move for summary judgment. (ECF No. 30.)

## II.   STANDARD OF REVIEW

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III. DISCUSSION

Scott did not oppose Defendant's motion for summary judgment, which Judge Baldwin recommended granting on two grounds. Before the R&R, the Court *sua sponte* granted Scott additional time to respond to Defendants' motion for summary judgment. Defendants filed that motion on December 20, 2024. (ECF No. 30.) On January 15, 2025, the Court noted that Scott had not responded and *sua sponte* granted Scott an extension of time to file his response by February 18, 2025. (ECF No. 37.) The Court warned Scott that no further extensions would be granted. (*Id.*) Scott did not file a response. On February 25, 2025, Judge Baldwin issued this R&R. (ECF No. 39.) Applying the same analysis as in Scott's other case, the R&R found that Scott failed to establish a genuine issue of material fact as to whether Defendants were deliberately indifferent to a serious medical need. (ECF No. 39 at 7–12.) The R&R also found that Defendants are entitled to qualified immunity. (*Id.* at 12–15.)

Though Scott timely objected to the R&R, be does not object its substance, but instead requests additional time to file an opposition to Defendants' motion for summary judgment. (ECF No. 40.) The Court construes this as a motion for an extension of time.

**A. Extension of Time**

Scott argues that an extension is appropriate because he has complied with deadlines in his almost identical case; his medical condition impacted his ability to timely file; and a brief extension would not prejudice defendants. (ECF No. 40.) Scott also stated that he was "prepared to accept sanctions" if he failed to meet the extended deadline. (*Id.*) Although the Court did not immediately rule on his request, Scott did not file an opposition within his proposed extension of seven days.

Defendants argue that the Court should deny Scott's request to file an untimely opposition to the motion for summary judgment because extending the

3

1  deadline would be futile and because Scott fails to show excusable neglect. (ECF
2  No. 41.)

3  The Court agrees that extending the deadline would be futile. This case
4  involves almost identical facts and the same claim as *Scott v. Quigley*, Case No.
5  3:23-cv-00270-ART-CLB. In that case, the Court considered both Scott's
6  opposition to the summary judgment motion and his objection to the R&R and
7  found that Scott had not raised a genuine issue of material fact as to whether Dr.
8  Quigley violated his constitutional rights. *Scott v. Quigley*, Case No. 3:23-cv-
9  00270-ART-CLB (D. Nev. Apr. 18, 2025), ECF No. 79. The Court also found that
10 Dr. Quigley was entitled to qualified immunity. *Id.* Even if Scott were granted
11 additional time to file a response to the motion, Supreme Court and Ninth Circuit
12 case law would compel the same result in this case.

13 Scott has also failed to show excusable neglect, as required under the local
14 rules. LR IA 6-1. He argues that the Court should have considered his compliance
15 with deadlines in other cases, but that does not affect his failure to comply with
16 deadlines in this case. (ECF No. 40 at 1–2.) The Court is sympathetic to Scott's
17 medical condition, but Scott does not indicate any specific medical circumstances
18 that affected his ability to meet this deadline. (*Id.* at 2.) And although the Court
19 agrees that the extension would not prejudice Defendants in this case, that does
20 not show excusable neglect.

21 Even if the Court were to now grant Scott's extension, the date of his
22 requested extension has passed, and he has not filed a response. The Court
23 therefore overrules Scott's objection, which it construes as a motion for extension
24 of time.

25 Because Scott has not objected to the substance of the R&R, the Court is
26 not required to conduct *de novo* review. The Court finds Judge Baldwin's
27 reasoning persuasive and adopts the R&R.

28

**IV. CONCLUSION**

It is therefore ordered that Judge Baldwin's report and recommendation (ECF No. 39) is adopted.

Accordingly, Defendants' motion for summary judgment (ECF No. 30) is granted.

The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: April 18, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5